UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
STACY A. FOULKE,

                              Plaintiff,         **REPORT AND**
                                              **RECOMMENDATION**
                                              CV 10-4061 (SJF) (GRB)
    -against-

PATRICK A. DONAHOE, POSTMASTER
GENERAL UNITED STATES POSTAL
SERVICE,

                              Defendant.
----------------------------------------------------------X

**GARY R. BROWN, United States Magistrate Judge:**

      By Order dated October 21, 2011, the Honorable Sandra Feuerstein referred this matter for a Report and Recommendation regarding the defendant's motion, *see* Docket Entry ("DE") [27], to dismiss the amended complaint in this matter. For the reasons set forth below, it is the recommendation of the undersigned that the defendant's motion be GRANTED in its entirety, and the action be dismissed with prejudice.

## BACKGROUND

      On or about September 3, 2010, plaintiff filed a *pro se* complaint against defendant, purporting to state claims under, *inter alia*, Title VII of the Civil Rights Act of 1964, sought leave to file *in forma pauperis* and appointment of *pro bono* counsel. The complaint appeared to focus on plaintiff's contention that defendant's failure to provide certain information to the Office of Personnel Management ("OPM") had caused a miscalculation in her disability retirement benefits.

By Memorandum and Order dated January 10, 2011 ("Order"), Judge Feuerstein granted the *in forma pauperis* application. Order, DE [10]. The Court reviewed the merits of the complaint, as required to make an appropriate determination under 28 U.S.C. 1915. Following an exhaustive review, the Court denied the application for pro bono appointment, without prejudice, and dismissed the complaint, *sua sponte*, after determining that the complaint was entirely without merit. However, to afford plaintiff an opportunity to fully explore her claims, the Court granted leave to replead certain claims with additional specificity. In particular, the Court held that :

> [T]o the extent plaintiff alleges that the purportedly false statements by Linken [a supervisor] affected OPM's determination of the benefits and annuity due her upon retirement, the complaint is *sua sponte* dismissed without prejudice pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief. Plaintiff must serve an amended complaint to re-plead any such claim, including "a short and plain statement of the claim showing that [she] is entitled to relief," Fed. R. Civ. P. 8(a)(2), and a demand for the relief sought with respect to this claim, see Fed. R. Civ. P. 8(a)(3) . . .or this claim will be deemed dismissed with prejudice.
>
> To the extent plaintiff seeks a "correction" in the documentation submitted to OPM by Linken, such relief is unavailable in a Title VII action. Rather, any claim seeking amendment of agency records must be commenced pursuant to the procedures set forth in the Privacy Act, 5 U.S.C. § 522a, which ensures that an individual can access his or her records and request amendment of those records to correct any perceived inaccuracies, 5 U.S.C. § 522a(d), and provides that a civil action may be commenced in federal court, inter alia, to correct an inaccurate record that the agency has refused to amend, see 5 U.S.C. § 522a(g)(l)(A). Accordingly, plaintiff's claims seeking amendment of the documents upon which OPM relied in rendering its disability retirement benefits determination are sua sponte dismissed without prejudice. Plaintiff must serve any amended complaint to re-plead a valid Privacy Act claim,

> including allegations that she properly exhausted her
> administrative remedies and that provide a basis to equitably toll
> the equitably toll the applicable statute of limitations . . . or her
> claim seeking amendment of the USPS documentation submitted
> to OPM upon her application for disability retirement will be
> deemed dismissed with prejudice.

Order at 6-7 (footnote omitted).

On March 28, 2011, the plaintiff filed an Amended Complaint, discussed further below. On September 30, 2011, the defendant filed the instant motion to dismiss for failure to state a claim and lack of subject matter jurisdiction, which has been fully briefed. Plaintiff submitted a Memorandum in Opposition to the defendant's motion, which has been fully reviewed and considered in connection with this Report and Recommendation.

## DISCUSSION

Notwithstanding the clear and unambiguous direction of the district court, the amended complaint is little different from plaintiff's initial complaint.[1] Plaintiff has attached a two-page Statement of Facts to the *pro se* complaint form, which was not among the numerous exhibits attached to the initial complaint. That Statement of Facts, however, does nothing more than reiterate the assertions previously set forth, to wit: that the U.S. Postal Service, plaintiff's former employer, has failed to submit accurate information to the OPM, which has, she asserts, affected the calculation of her disability benefits. She has not, therefore, alleged any facts that would support a claim under the Privacy Act. Thus, based on the reasons set forth in the Order, the complaint should be dismissed.

---

[1]Plaintiff's amended complaint did not attach any of the materials that were attached to her original complaint. In light of her *pro se* status, however, the undersigned considered those materials as if they had been attached to the amended complaint as well.

Additionally, plaintiff has checked several boxes on the *pro se* complaint form which were previously left blank. In particular, plaintiff has added "X"s indicating that she is also (1) asserting a claim under the Americans with Disabilities Act; (2) complaining of a failure to promote her and (3) complaining of a failure to accommodate her disability. Finally, she has now marked a box indicating that she believes the defendant "is still committing these acts against me." She has, however, provided no factual basis for any of these indications, as the only facts set forth relate to the purported misinformation provided to OPM.[2]

As the Second Circuit has observed, on a motion to dismiss a Court must "accept all-well pleaded facts as true, considering them in the light most favorable to the plaintiff, mindful that the 'need to draw all inferences in the plaintiff's favor has heightened application when the plaintiff is proceeding *pro se.*'" *DiProjetto v. Morris Protective Serv.*, 306 Fed.Appx. 687 (2d Cir. 2009). However, particularly where, as here, plaintiff has been afforded an opportunity to replead along with substantial guidance from the district court as to nature of such an amendment, and the plaintiff fails to provide any facts which arise to a cognizable claim, dismissal is appropriate. *See, e.g., id.* (dismissing *pro se* Title VII action where "the amended complaint fails to allege grounds for imposing liability"); *Cruz v. PS1 Contemporary Art Ctr.*,

---

[2] Plaintiff's opposition to the motion provides no additional facts or materials from which any basis for the claims can be gleaned. In fact, plaintiff's opposition apparently contains a glaring misstatement of fact. In that Memorandum, plaintiff argues that the Order incorrectly dismissed her claim under the Federal Employees Compensation Act ("FECA") in part because it was moot based on the approval of her FECA claim. Plaintiff argues that this determination was erroneous because, she contends "Plaintiff's Workers compensation benefits under [FECA] had or had never been approved." Mem. in Opp. at 1, DE [30]. However, plaintiff's original complaint attaches an April 2, 2008 letter from OPM that unequivocally states that her "disability retirement has been approved."

4

2011 WL 3348097, at *2 (E.D.N.Y. Aug. 1, 2011) ("When a *pro se* plaintiff has altogether failed to satisfy a pleading requirement . . . the court should not hesitate to dismiss his claim"); *Johnson v. City of N.Y.*, 669 F. Supp. 2d 444, 448 (S.D.N.Y. 2009) ("to survive a motion to dismiss, even a *pro se* plaintiff must plead enough facts to state a claim to relief that is plausible on its face"). As plaintiff has again failed to present any factual basis in support of her claims, it is respectfully recommended that the defendant's motion be GRANTED in its entirety, and the action be dismissed with prejudice.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for the defendant by electronic filing on the date below, and to plaintiff by mail. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
      December 20, 2011

                                        /s/ Gary R. Brown
                                        GARY R. BROWN
                                        United States Magistrate Judge