FILED
IN CLERK'S
U.S. DISTRICT COURT E.D.N.Y.

★   JAN 2 5 2012   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STACY A. FOULKE,

       Plaintiff,

    -against-

JOHN E. POTTER, Postmaster General
United States Postal Service Agency,

       Defendant.
-------------------------------------------------------------X

ORDER
10-CV-4061 (SJF)(GRB)

FEUERSTEIN, District Judge:

Pending before the Court are the objections of *pro se* plaintiff Stacy A. Foulke

("plaintiff") to the Report and Recommendation of Magistrate Judge Gary R. Brown ("the

Report"), entered December 20, 2011, recommending that the motion of defendant John E. Potter

("defendant"), Postmaster General United States Postal Service Agency, to dismiss the amended

complaint, filed by plaintiff on March 28, 2011, be granted and the amended complaint be

dismissed in its entirety with prejudice. For the reasons stated herein, the Court accepts

Magistrate Judge Brown's Report in its entirety.


I.  Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct

proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P.

72(b). Any portion of a report and recommendation on dispositive matters to which a timely

objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

However, the court is not required to review the factual findings or legal conclusions of the

magistrate judge as to which no proper objections are interposed. See, Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. See Fed. R. Civ. P. 72(b); Johnson v. Goord, 487 F.Supp.2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 Fed. Appx. 815 (2d Cir. Jan. 1, 2009); Baptichon v. Nevada State Bank, 304 F.Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed.Appx. 374 (2d Cir. 2005). Conclusory or general objections are typically reviewed under the "clear error" standard. See, e.g. 4 B's Realty 1530 CR39, LLC v. Toscano, — F.Supp.2d —, 2011 WL 4908385, at * 3 (E.D.N.Y. Oct. 12, 2011); Soley v. Wasserman, — F.Supp.2d —, 2011 WL 4526145, at * 4-5 (S.D.N.Y. Sept. 29, 2011); Thomas v. Astrue, 674 F.Supp. 2d 507, 511 (S.D.N.Y. 2009).

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

II.     Objections

Plaintiff generally objects to Magistrate Judge Brown's Report and requests, *inter alia*, consideration of "the original sua sponte with and without prejudice options" and additional time for discovery and to "consult with a legal representative * * * for legal direction."[1] Plaintiff's

---

[1] By order entered January 14, 2011, *inter alia*, plaintiff's original complaint was *sua sponte* dismissed without prejudice and with leave to amend the complaint to correct the pleading deficiencies noted therein and plaintiff's request for the appointment of counsel was denied without prejudice.

request for additional time to consult with a legal representative is denied since, *inter alia*, it has been over one (1) year since plaintiff's original complaint was *sua sponte* dismissed and her request for the appointment of counsel was denied, and over five (5) months since defendant served plaintiff with the motion seeking dismissal of the amended complaint. Therefore, plaintiff has had ample time within which to seek legal advice and/or representation in this case.

Since plaintiff has filed only a general objection to the Report, I have reviewed it for clear error. Upon review, I am satisfied that the Report is not facially erroneous. Accordingly, Magistrate Judge Brown's Report is accepted in its entirety as an order of the Court.[2]


III.    Conclusion

Magistrate Judge Brown's Report is accepted in its entirety as an order of the Court. For the reasons set forth therein, defendant's motion to dismiss the amended complaint is granted and the amended complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to enter judgment in favor of defendant and to close this case.

SO ORDERED.

/s/ SANDRA J. FEUERSTEIN

SANDRA J. FEUERSTEIN
United States District Judge

Dated: January 25, 2012
       Central Islip, New York


---

[2] In light of this determination, plaintiff's request for "additional time for the discovery process" is denied as moot.